611 S.E.2d 920

CITY OF NORTH CHARLESTON, R. Keith Summey, Steve Ayer, Gussie Green, Sam Hart, Bobby Jameson, Robert King, Phoebe Miller, Rhonda Jerome, and Dorothy Williams, individually and as the Mayor, and City Council of the City of North Charleston, Plaintiffs–Petitioners,

v.

The COUNTY OF CHARLESTON, Peggy A. Moseley, in her official capacity as Charleston County Auditor, and D. Michael Huggins, in his official capacity as Charleston County Assessor, Defendants–Respondents.

Town of Kiawah Island, Intervenor.

No. 25966.

Supreme Court of South Carolina.

Heard March 1, 2005.

Decided April 11, 2005.

more than sixty (60) days. By separate order, the Court will appoint an attorney to protect respondent's clients' interests.

Joseph Dawson, III, and Bernard E. Ferrara, Jr., of North Charleston; M. Dawes Cook, Jr., Gunnar Nistad, and Wendy Keefer, of Barnwell, Whaley, Patterson & Helms, LLC, of Charleston; and Samuel W. Howell, IV, of Howell & Linkous, LLC, of Charleston, for defendants-respondents.

Gedney M. Howe, III, Alvin Hammer, and Dennis James Rhoad, of Charleston, for intervenor.

M. Elizabeth Crum and Francenia B. Heizer, of McNair Law Firm, of Columbia, for amici curiae South Carolina Chamber of Commerce, South Carolina School Boards Association, Municipal Association of South Carolina, and Richland County.

Scott Thomas Price, of Columbia, for amici curiae South Carolina School Boards Association.

Danny C. Crowe, of Columbia, for amici curiae Municipal Association of South Carolina.

PER CURIAM.

This case is before us in our original jurisdiction. Plaintiffs challenge the constitutionality of a tax ordinance enacted by Charleston County (County) pursuant to S.C.Code Ann. § 12–37–223A (Supp.2004). We find the statute unconstitutional and strike the ordinance as invalid.

## BACKGROUND

Section 12–37–233A allows a county to enact a property tax cap as follows:

(A) As authorized by Section 3, Article X of the South Carolina Constitution, the General Assembly hereby authorizes the governing body of a county by ordinance to exempt an amount of fair market value of real property located in the county sufficient to limit to fifteen percent any valuation increase attributable to a countywide appraisal and equalization program conducted pursuant to Section 12–43–217. An exemption allowed by this section does not apply to:

(1) real property valued for property tax purposes by the unit valuation method;

(2) value attributable to property or improvements not previously taxed, such as new construction, and for renovation of existing structures;

(3) property transferred after the most recent countywide equalization program implemented pursuant to Section 12–43–217; provided, however, at the option of the governing body of a county which is in the process of first implementing a countywide equalization program under Section 12–43–217, property transferred on or after January first of the year of implementation of the most recent countywide equalization program.

In November 2000, County first adopted an ordinance allowing a tax cap only for owner-occupied property. We found the ordinance inconsistent with § 12–37–233A because the ordinance created an unauthorized exemption applicable only to owner-occupied property rather than all real property. *Riverwoods, LLC v. County of Charleston*, 349 S.C. 378, 563 S.E.2d 651 (2002).

In July 2002, County adopted its current ordinance tracking the language of § 12–37–223A as follows:

*Section 1.*

There is hereby implemented in Charleston County the exemption provided in Section 12–37–223[A] of the Code of Laws of South Carolina 1976, as amended, by providing an exemption for real property in an amount of fair market value of real property located in Charleston County sufficient to limit to fifteen percent any valuation increase attributable to the implementation in Charleston County of a countywide appraisal and equalization program conducted

pursuant to Section 12–43–217 of the Code of Laws of South Carolina 1976, as amended.

*Section 2.*

The exceptions from the exemption provided by this Ordinance shall be as provided in Section 12–37–223[A] of the Code of Laws of South Carolina 1976, as amended.

In February 2003, plaintiffs commenced this action challenging the new ordinance as unconstitutional. We appointed Judge A. Victor Rawl as referee. After an evidentiary hearing, Judge Rawl issued his report in favor of plaintiffs.

## ISSUE

Does § 12–37–223A violate article X, § 3, of our State Constitution because it is not a general law that is uniform statewide?

## ANALYSIS

■ Section 12–37–223A states that the General Assembly is acting "as authorized by Section 3, Article X of the South Carolina Constitution" in enacting this exemption from property tax. Article X, § 3, lists specific exemptions from property tax such as government property, libraries, and churches, and further provides:

In addition to the exemptions listed in this section, the General Assembly may provide for exemptions from the property tax, *by general laws applicable uniformly to property throughout the State and in all political subdivisions.*

. . .

(emphasis added).

■ Article X, § 3, mandates statewide uniformity in property tax exemptions enacted by the General Assembly. Where our Constitution requires statewide uniformity, a local option law is not valid. *Martin v. Condon*, 324 S.C. 183, 478 S.E.2d 272 (1996). Section 12–37–223A is patently invalid since it enacts an exemption that is not uniform throughout

the State. For this reason, we declare § 12–37–223A unconstitutional and hold County's ordinance is therefore invalid.

**JUDGMENT FOR PLAINTIFFS.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.